# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LUCINDA SCHLEIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION <br><br> No. 18-1050-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of the state agency psychologist's and psychiatrist's opinions, the court ORDERS that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.   Background

Plaintiff argues that the ALJ erred when he afforded "considerable weight" to the opinions of the state agency consultants, Dr. Smith, PsyD., and Dr. Martin, M.D., but did

not include their prohibition of frequent changes in routine in the residual functional capacity (RFC) assessed and did not explain why he did not include that limitation. (Pl. Br. 12).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless,

2

the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

3

past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issue of the state agency consultants' opinions as presented in Plaintiff's Brief. The court notes that Plaintiff also claimed "[t]he ALJ did not adequately evaluate [Ms.] Schlein's symptoms in this case" (Pl. Br. 21), but the Commissioner argues this discussion was "entirely to support her argument that the ALJ erred by not incorporating an adaptation limitation from the State agency psychologists' [sic] opinions." (Comm'r Br. 4, n.5). Because the decision must be remanded, the court need not consider this additional issue. Plaintiff may make any argument she desires in this regard to the Commissioner on remand.

## II. Discussion

Plaintiff argues the ALJ erred by affording considerable weight to Dr. Smith's and Dr. Martin's opinions but failing to resolve the conflict between those opinions and the mental RFC assessed. She argues, "the ALJ's mental RFC differed from the opinions in the ability to adapt, and the ALJ failed to explain why he omitted" that limitation. (Pl. Br. 13). Plaintiff argues that although the ALJ failed to explain three differences between the doctor's opinions and the RFC assessed, the failure was harmless as to two of the differences but not as to the ability to adapt because the ability to deal with changes in a routine work setting is a basic work activity necessary even in unskilled work. Id. at 15-

4

17. Plaintiff also points out that her treating physician, Dr. Davis, opined that she is markedly limited in the ability to respond appropriately to changes in the work setting, and her treating psychologist, Dr. Rosenak, opined that she is extremely limited in this ability. (Pl. Br. 19).

The Commissioner argues that even if an explicit adaptation limitation is necessary in this case, the error would be harmless because the representative jobs of which the ALJ found Plaintiff is capable are unskilled jobs, involving only repetitive or short-cycle work, and would not require frequent changes in routine. (Comm'r Br. 4-6). She asserts that "Plaintiff acknowledges that the jobs identified at step five can 'accommodate' alleged problems with the RFC." Id. at 4 (citing Pl. Br. at 15). She argues that the ALJ's narrative discussion was sufficient in the circumstances. Id. at 7.

In her Reply Brief, Plaintiff argues that she conceded harmless error as to certain of the differences between the state agency consultants' opinions and the RFC assessed, but not as to the inability to adapt to frequent changes in routine. (Reply 2). She argues that the Commissioner's Brief relies only on her unsupported interpretation of the job descriptions at issue and provides no support for her assertions that unskilled, repetitive, or short-cycle work never involves frequent changes in routine.

### A. Standard for Assessing RFC

An administrative agency must give reasons for its decisions. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988)). RFC is an assessment of the most a claimant can do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1545(a); see also, White, 287 F.3d at 906

n.2. It is an administrative assessment, based on all the evidence, of how plaintiff's impairments and related symptoms affect her ability to perform work related activities. Id.; see also Soc. Sec. Ruling SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 126 (Supp. 2018) ("The term 'residual functional capacity assessment' describes an adjudicator's findings about the ability of an individual to perform work-related activities."); SSR 96-8p, West's Soc. Sec. Reporting Serv., 144 (Supp. 2018) ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s) ... may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.").

The Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2018). The ruling includes narrative discussion requirements for the RFC assessment. Id. at 149. The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports the conclusions, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt that opinion. Id. at 150.

    **B.**    **The ALJ's Findings**

As relevant here, the ALJ recognized Dr. Davis opined that Plaintiff "is markedly limited in her ability to respond appropriately to changes in the work setting," and accorded no weight to her opinions because they were inconsistent with the objective evidence, including her own treatment notes. (R. 33-34). The ALJ did not specifically recognize Dr. Rosenak's opinion that Plaintiff is extremely limited in the ability to respond appropriately to changes in the work setting, but he accorded no weight to her opinions because they are inconsistent with the mental health treatment records and because she is not medically qualified to offer an opinion regarding Plaintiff's physical condition or limitations. Id. at 34. The ALJ found Plaintiff has the mental RFC to

> understand, remember, and carry out work instructions and tasks at a SVP [(specific vocational preparation)] 5 level. The claimant should not work with the general public as a face-to-face job duty. The claimant can have occasional contact with co-workers, supervisors, and the general public. The claimant should not do teamwork types of job duties.

Id. at 28 (bolding omitted). He explained the basis for his assessment of this mental RFC:

> the objective medical evidence of record documents that claimant's mental impairments of depression and anxiety exacerbated by work-related stress were stable with mental health treatment compliance, and eventually resolved once the claimant stopped working. Additionally, the claimant's mental status never deteriorated to such an extent that she required inpatient psychiatric hospitalization at any time since her alleged onset date of disability, while mental status exams demonstrated that the claimant was fully oriented with intact memory, insight, and judgment, and without symptoms of psychosis or suicidal ideations.

Id. at 34. He recognized that Dr. Smith and Dr. Martin "indicated that the claimant's mental impairments impose mild to moderate mental limitations while the claimant is capable of performing simple routine tasks in a setting that would

7

not require frequent changes in routine and limited social interaction." (R. 34). He accorded considerable weight to these opinions because the consultants are familiar with and knowledgeable of medical issues in Social Security disability cases and because their opinions are supported by and consistent with the record medical evidence. Id. at 34-35.

### C. Analysis

Plaintiff is correct that the ALJ erred in affording considerable weight to the opinions of Dr. Smith and Dr. Martin without explaining his treatment of the consultants' opinion regarding Plaintiff's ability to adapt. The consultants opined that Plaintiff could work in "settings that would not require frequent changes in routine." (R. 98, 133). The RFC assessed says nothing regarding Plaintiff's ability to adapt to changes in routine. The ALJ said nothing to the vocational expert (VE) regarding work requiring a particular ability to adapt to changes in routine, and when the VE responded she said nothing regarding the changes in routine required of the representative jobs she provided.

The Commissioner argues that the jobs provided by the VE are unskilled jobs, involving only repetitive or short-cycle work, and would not require frequent changes in routine. (Comm'r Br. 4-6). But, as Plaintiff suggests, the Commissioner cites no persuasive authority for that proposition. The Commissioner cites to the Occupational Definition of each representative job and points out that each job has an SVP (specific vocational preparation) level of two, does not involve significant interaction with others, and involves only repetitive or short-cycle work. Id. at 4 (citing 1991 WL 671745

8

(Photocopying-Machine Operator, DOT No. 207.685-014); 1991 WL 671802 (Marker, DOT No. 209.587-034); and 1991 WL 672232 (Office Helper, DOT No. 239.567-010)).

To be sure, the Occupational Definitions to which the Commissioner cites provide that the jobs at issue are SVP level 2 and their "People" function is "Not significant." Id. However, there is nothing in the definition providing that that the jobs are "repetitive or short-cycle," or that they "do not involve frequent adaptation changes." Rather, the Commissioner seems to arrive at these conclusions based on her reading of the "Body of the Definition" of a Photocopying-Machine Operator, DOT No. 207.685-014. (Comm'r Br. 5) (quoting 1991 WL 671745 (Photocopying-Machine Operator, DOT No. 207.685-014) (see DOT Parts of the Occupational Definition, available online at: https://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTPARTS.HTM). She then extends her reasoning to the two other representative jobs by arguing "[t]he job of marker is as rote as the photocopy operator job, and the office helper job also involves only level two reasoning." The "Body of the Definition" of a Photocopying-Machine Operator, DOT No. 207.685-014 does not say that the work is "repetitive or short-cycle," or that it "do[es] not involve frequent adaptation changes." But, the Commissioner relies on the fact that operation of such a machine requires only placing an original, placing paper in the machine, setting the number of copies, and pressing a button to start the copying. While the job might be "repetitive or short-cycle," the Commissioner does not consider that the job might require operating several different kinds of machines, and different kinds and sizes of paper, that the operator may be subject to various priorities, that she might be required to change jobs frequently in order to meet the demands of her

workplace, or other (perhaps unknown) types of changes in routine. Moreover, the other representative jobs cited do not have definitions which are so superficially simple as that of the photocopying-machine operator, and the Commissioner ignores the fact that these are only representative jobs, suggesting other jobs in the economy of which Plaintiff is presumably capable, and about which no one can know the requirements for changes in routine because that fact was not even suggested by the ALJ or explained by the VE.

The problem is that the Commissioner is providing a post-hoc rationalization for a limitation opined by the state agency consultants which was neither included in the RFC nor explained by the ALJ. Neither the Commissioner nor this court is an expert in vocational considerations affecting disability determinations. That is why VEs are often used in Social Security Disability hearings. The court may not rely upon such an attempt to save a faulty decision. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated November 19, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**